**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MICHAEL MASLANA,
on behalf of Plaintiff and the
class members defined below,

      Plaintiff,

  vs.

GREETING TEAM, LLC,
doing business as
CUSTOMER CARE GLOBAL,

      Defendant.

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.    Plaintiff Michael Maslana brings this action against Defendant Greeting Team, LLC, doing business as Customer Care Global ("Customer Care Global") to secure redress for Defendant's actions in collecting unlawful debts, consisting of illegal high-interest Internet loans.

## JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. §1692k and 28 U.S.C. § 1367.

3.    This Court has personal jurisdiction over Defendant because it is headquartered in Cook County, Illinois.

4.    Venue is proper for the same reason.

5.    Article III is satisfied because:

    a.    Actions for statutory damages for usury were entertained by the courts of England and the United States in 1787. English Usury Act of 1713, 12 Anne Session 2 c. 17. All thirteen original American states replaced the English usury statutes with their own usury laws between 1641 and 1791. Christopher L. Peterson, *Usury Law, Payday Loans, and Statutory Sleight of Hand: Salience*

*Distortion in American Credit Pricing Limits*, 92 Minnesota Law Review 1110, 1116-18 (April 2008), summarizing statutes allowing 5% to 8% interest.

b. The receipt of unlawful and unwanted messages satisfies Article III. *Gadelhak v. AT&T Services, Inc.,* 950 F.3d 458, 469 n.1 (7th Cir. 2020).

## PARTIES

6. Plaintiff Michael Maslana is a resident of Illinois.

7. Defendant Greeting Team, LLC, doing business as Customer Care Global ("Customer Care Global"), is a limited liability company organized under Missouri law with its principal place of business at 2500 W Higgins Road, Suite 950, Hoffman Estates, IL 60169. Its registered agent is MLF Business Services, Inc., 2001 Grand Blvd., Suite 500, Kansas City, MO 64108.

8. Customer Care Global is a collection agency, using interstate wires and the Internet to collect consumer debts for others.

9. Defendant holds a collection agency license from the State of Illinois.

10. Customer Care Global has a website (https://www.customercareglobal.com/) on which it states that "We are committed to offering the best debt collection services for your business."

11. Customer Care Global specializes in collecting high-interest Internet loans. Such loans are generally entered into for personal, family or household purposes and not business purposes.

12. One of the two executives of Customer Care Global, Bart Miller, is on the Board of Directors for the Online Lenders Alliance, an organization of lenders making loans over the Internet at more than 36% interest. He is also on its Executive Committee, and is their Treasurer.

13. Customer Care Global is a debt collector as defined in the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6) ("FDCPA").

2

### FACTS

14.　On or about August 5, 2024, August 8, 2024, and August 12, 2024, Defendant sent three collection communications to Plaintiff seeking to collect an allegedly defaulted high-interest Internet loan made by an Internet lender, WithU.  Two were sent by text message and the third by email. (Exhibits A-C)

15.　The loan was made after March 23, 2021 at an interest rate greatly exceeding 36%. It was made for personal, family or household purposes and not for business purposes.

16.　The loan was not legally enforceable and was void. Illinois Predatory Loan Prevention Act, 815 ILCS 123/15-5-5 and 15-5-10.

17.　Each communication represented that Plaintiff owed money.

18.　Plaintiff did not owe anything on the loan.

### COUNT I – FDCPA

19.　Plaintiff incorporates paragraphs 1-18.

20.　The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

21.　In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

22.　Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

23.　The FDCPA encourages consumers to act as "private attorneys general" to enforce

3

the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

24.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

25.     By attempting to collect a void loan, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

26.     Section 1692e provides:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)     The false representation of—

        (A)     the character, amount, or legal status of any debt; . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

27.     Section 1692f provides:

Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

28.     The collection or attempted collection of usurious loans violates the FDCPA. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 408 (3rd Cir. 2000); *Nance v. Ulferts*, 282 F.Supp.2d 912 (N.D.Ind. 2003); *Patzka v. Viterbo College*, 917 F.Supp. 654, 658 (W.D. Wisc. 1996); *Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495 (D.N.M. 1994).

29.     As the loans at issue were legally unenforceable, no attempts to collect them were lawful.

4

## CLASS ALLEGATIONS

30.      Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

31.      The class consists of (a) all individuals (b) from whom Defendant attempted to collect a debt (d) which consisted of a loan made to a resident of Illinois (according to Defendant's records) at an interest rate in excess of 36% after March 23, 2021 (e)  by means of a communication sent on or after a date one year prior to the filing of this action.

32.      Plaintiff may alter the class definition to conform to developments in the case and discovery.

33.      On information and belief, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.  Defendant specializes in collecting high-interest Internet loans, as evidenced by the connection with the Online Lenders Alliance described above.  Collection agencies normally obtain blocks of similar loans rather than individual loans.

34.      There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

a.      Whether Defendant engages in a practice of attempting to collect loans made to Illinois residents at over 36%;

b.      Whether such loans are unenforceable;

c.      Whether the collection or attempted collection of such loans violates the FDCPA.

35.      Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

36.      Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

37.      A class action is superior for the fair and efficient adjudication of this matter, in

that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      i.      Statutory damages ($1,000 for Plaintiff; 1% of Defendant's net worth not to exceed $500,000 for the class);

      ii.      Actual damages, including all amounts collected on the loans;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
Lucas M. Coughlin
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Please note that our suite number has changed.
All other information remains the same.

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman